IN THE CIRCUIT COURT IN AND FOR FLAGLER COUNTY FLORIDA

ANNETTE M. MARROLLI,　　　　　　　　Case Number : 2009 CA 002536
　　　　　　　　　　　　　　　　　　　　Division :
　　　Plaintiff,

v.

　　　　　　　　　　　　　　　　　　　　3:09-cv-1086-J-32MCR

AMERICAN GENERAL ASSURANCE
COMPANY, a foreign corporation,

　　　Defendant.
_____/

## COMPLAINT

　　　COMES NOW the Plaintiff, ANNETTE M. MARROLLI, by and through her undersigned counsel and complains of the Defendant, AMERICAN GENERAL ASSURANCE COMPANY, as follows:

　　　1.　　This is an action for damages in excess of ($15,000.00) Fifteen Thousand Dollars exclusive of attorney fees, cost and prejudgment interest and is therefore within the exclusive subject matter jurisdiction of this Court.

　　　2.　　The plaintiff is sui juris and a resident of the County of Flagler.

　　　3.　　The Defendant is a foreign corporation authorized to conduct business in the State of Florida and who engages in business throughout the state of Florida, to include Flagler County.

　　　4.　　On or about, January 1, 2007, the plaintiff enrolled in an Accidental Death and Dismemberment Insurance policy offered through his bank to depositors of the bank.

　　　5.　　The policy holder for the insurance policy is Upper Northwest Financial Services Association.

　　　6.　　Upon enrollment and payment of the premium Upper Northwest Financial Services Association issued a certificate of insurance for group accidental death and dismemberment to Harry J. Marrolli, ████████, Palm Coast, Florida. The insurance policy and certificate of insurance is attached hereto as Composite Exhibit A.

7. The accidental death and dismemberment policy provided for a death benefit of one hundred thousand dollars ($100,000.00), and an additional escalator benefit of five percent (5%) after twenty four (24) consecutive months of coverage, for a total death benefit of one hundred five thousand dollars ($105,000.00).

8. On March 11, 2009, the policy was in full force and effect. On that date, in the County of Flagler, State of Florida, the insured/certificate holder, Harry Marrolli, was involved in a motorcycle crash and died as the result of blunt force trauma.

9. Under the Dependent Eligibility provision of the insurance contract, the benefits are payable to the insured if still living, or if not, to the insured's spouse, the plaintiff herein.

10. On or before April 28, 2009, the plaintiff provided all required/requested information to Insurance Administrative Services, Inc., for processing of the claim. In July or early August 2009, via an oral communication to the undersigned's office, the claim was "denied." No reason was given, and to date no written denial has been received. Pursuant to the policy, payment is to be made with 30 days of receipt of the claim.

11. The Defendant has wrongfully denied the claim and continues to do so.

12. All conditions precedent to the maintenance of this cause of action have accrued or have been waived.

13. The plaintiff has retained the undersigned counsel and promised to pay him a reasonable fee for his services, all of which should be taxed against he Defendant pursuant to Florida Statute 627.428.

## COUNT I
### BREACH OF THIRD PARTY BENEFICIARY BREACH OF CONTRACT

14. Plaintiff incorporates paragraphs 1-13 above as if the same were herein restated.

15. There existed a contract of insurance between the Defendant and a non party, Upper Northwest Financial Services Association, policy number G500,017.

16. Through his participation in the plan, the decedent was an insured under the plan by virtue of a certificate of insurance, Certificate Number V83-5055610.

17. By the contracts express language the manifest intent of the contracting parties was for the contract to primarily and directly benefit the decedent and the plaintiff.

18. As a result of the breach the plaintiff has been damaged in the amount of $105,000.00.

WHEREFORE, the plaintiff seeks judgment for consequential damages, attorneys fees, cost of suit, prejudgment interest and all other relief this court deems appropriate, and requests a TRIAL BY JURY on all issues so triable.

Dated this __15__ day of September, 2009.

_____
J. DAVID KERCE, ESQUIRE
Florida Bar No. 902373
J. DAVID KERCE, P.A.
Post Office Box 470
Daytona Beach, Florida 32115-0470
Telephone (386) 258-0073
Facsimile (904) 312-5070
Attorney for Plaintiff
dkerce@davidkerce.com